**SO ORDERED.**
**SIGNED this 1st day of May, 2012**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Richard Stair Jr.
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

DONALD LEE KING
TAMMY MICHELLE KING

        Debtors

Case No. 11-34770

MICHAEL H. FITZPATRICK, TRUSTEE

        Plaintiff

v.

KING OF HEARTS, INC.

        Defendant

Adv. Proc. No. 12-3027

**MEMORANDUM AND ORDER ON
MOTION TO DISMISS**

This adversary proceeding is before the court on the Complaint filed by the Plaintiff on March 7, 2012, seeking, under Count I, to avoid transfers of real property from the Debtors to the Defendant under 11 U.S.C. § 548(a)(1)(A), under Count II, to avoid these transfers under 11 U.S.C.

§ 548(a)(1)(B) (2006), and, under Count III, a judgment for the value of the property for the benefit of the Debtors' bankruptcy estate together with pre-judgment interest. On April 12, 2012, the Defendant filed King of Hearts, Inc.'s Motion to Dismiss Complaint of Michael H. Fitzpatrick, Trustee (Motion to Dismiss), together with an accompanying brief, on the grounds that because the alleged transfers occurred on June 18, 2009, twenty-eight months before the Debtors' bankruptcy case was filed on October 18, 2011, the two year reach-back period of 11 U.S.C. § 548(a)(1) prevents prosecution of this adversary proceeding, and that the Plaintiff has, therefore, failed to state a claim upon which relief may be granted. Thereafter, the Plaintiff, on April 20, 2012, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, filed an Amended Complaint. In the Amended Complaint, the Plaintiff added an additional Count, renumbered Count III, to seek relief under Kentucky's fraudulent conveyance statute, K.R.S. § 378.010, et seq., through 11 U.S.C. § 544(b)(1) (2006), and, with respect to his § 548 claims, averred that the Debtors originally filed a Chapter 13 bankruptcy case on March 29, 2011, and the transfers occurred within two years prior to the filing of the Debtors' original petition on that date. The Chapter 13 petition was dismissed on August 22, 2011.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12. When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*,

2

528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). A complaint need not contain "detailed factual allegations[; however,] a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and brackets omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When deciding a motion to dismiss under Rule 12(b), the court must determine whether the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1969).

> In the Amended Complaint, the Plaintiff relies first on § 548(a) which provides, in material:
>
> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
>> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>>
>> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>>
>>> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

3

11 U.S.C. § 548(a). The Plaintiff additionally relies on § 544(b)(1) which allows a trustee to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title[,]" 11 U.S.C. § 544(b), through which he relies on the Kentucky fraudulent conveyance statute:

> Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

K.R.S. § 378.010 (2012).

Although the statutory look-back period provided in § 548 is two years, the look-back period under Kentucky's statute is five years. *See* KY. REV. STAT. § 413.120(2), (12) (2012) ("The following actions shall be commenced within five (5) years after the cause of action accrued: . . . (2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability[;] . . . (12) An action for relief or damages on the ground of fraud or mistake."). Accordingly, because the Plaintiff's action under § 548 is untimely, Counts I and II of the Complaint, as amended, are DISMISSED. The Plaintiff has, however, sufficiently pled facts which, taken in a light most favorable to him, plead a cognizable claim under § 544(b)(1), and the Motion to Dismiss, as to Counts III and IV of the Complaint, as amended, is DENIED.

###